## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **LILY ENGLEMAN,** | |
| *Plaintiff,* | |
| **v.** | **CIVIL ACTION No.** |
| | **1:21-cv-1992-MLB** |
| **NATHAN ADKERSON,** *et al.,* | |
| *Defendants.* | |

## DEFENDANTS' ANSWER AND DEFENSES

Defendants Nathan Adkerson, Jose Morales, and Maryjane Moss, through counsel, answer and respond to Plaintiff's complaint (Doc. 1) as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiff has not been subjected to the deprivation of any rights, privileges, or immunities secured by the Constitution or laws of the United States.

## THIRD DEFENSE

To the extent that Plaintiff brings claims against Defendants in their official capacities, those claims are barred by the Eleventh Amendment and state sovereign immunity.

## FOURTH DEFENSE

To the extent that Plaintiff brings claims against Defendants in their official capacities, those claims are barred on the basis that an individual defendant sued in his official capacity is not "person" subject to suit under 42 U.S.C. § 1983.

## FIFTH DEFENSE

Defendants are entitled to qualified immunity.

## SIXTH DEFENSE

Defendants cannot be held liable under 42 U.S.C. § 1983 for any actions involving Plaintiff in which they did not directly participate or of which they had no knowledge or over which they had no control.

## SEVENTH DEFENSE

Defendants did not cause any cognizable injury to Plaintiff, so she is not entitled to damages.

Defendants reserve the right to raise any other defenses allowed by law at such time as Plaintiff's claims or contentions are more particularly identified in this

case. Subject to and without waiving any of the foregoing defenses, Defendants respond to the allegations in the Complaint (Doc. 1) as follows:

Defendants object to the unnumbered opening section of the Complaint (Doc. 1, pp. 1-4) because it fails to comply with Rule 10(b)'s requirement that a plaintiff "must state [her] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." To the extent that a response is required to the unnumbered paragraphs, Defendants deny the allegations in those paragraphs and deny that they violated Plaintiff's constitutional rights.

<u>**Parties, Jurisdiction, and Venue**</u>

1.   Admitted.

2.   Admitted.

3.   Admitted.

4.   Admitted.

5.   Admitted.

6.   Admitted.

7.   Admitted.

## Facts

8.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

9.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

10.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

11.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

12.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

13.     This paragraph sets forth legal conclusions that do not require a response. To the extent that this paragraph and its subparts make reference to U.S. Supreme Court cases, the cases speak for themselves. To the extent that a response

Case 1:21-cv-01992-MLB   Document 9   Filed 08/19/21   Page 5 of 19

is required, Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph, including the subparts, and so the allegations are denied.

14.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

15.     Admitted.

16.     Denied.

17.     Denied.

18.     Denied.

19.     Denied.

20.     Defendant Adkerson admits that he did not inform the lawyers and investigator that he was surreptitiously recording them because he was not surreptitiously recording them.

21.     Defendant Adkerson admits that he did not seek or obtain a warrant to surreptitiously record meetings between Mr. Dubose and his defense team. Defendant Adkerson responds further that he did not surreptitiously record the meetings.

22.     The allegations in this paragraph make reference to a court order, which speaks for itself. To the extent that the allegations in this paragraph differ from what is contained in the court order, they are denied.  Defendants are without knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph and so the allegations are denied.

23.     The allegations in this paragraph make reference to a court order, which speaks for itself. To the extent that the allegations in this paragraph differ from what is contained in the court order, they are denied.

24.     Defendant Adkerson admits that at some point he had a copy of the court order, but he cannot recall when he received a copy of the order.

25.     Defendant Adkerson admits that he did not inform the lawyers, investigators, or the judge that he was planning to violate the court order by surreptitiously recording Mr. Dubose's defense team because he did not surreptitiously record the defense team. The allegations in this paragraph make reference to a court order, which speaks for itself. To the extent that the allegations in this paragraph differ from what is contained in the court order, they are denied. Defendants deny any remaining allegations in this paragraph.

26.     Admitted.

27.     Denied.

28.     Defendants Adkerson and Morales admit that they did not inform the Mr. Dubose's defense team that they were being surreptitiously recorded because Defendants Adkerson and Morales did not surreptitiously record the defense team. Defendants deny any remaining allegations in this paragraph.

29.     Denied.

30.     Denied.

31.     Denied.

32.     This paragraph and footnotes 1-3 set forth a legal conclusion that does not require a response. To the extent that a response is required, Defendants deny the allegations in this paragraph.

33.     This paragraph and footnote 4 set forth a legal conclusion that does not require a response. To the extent that a response is required, Defendants deny the allegations in this paragraph.

34.     Defendants deny that they surreptitiously recorded Mr. Dubose's privileged meetings and deny that they violated the constitution, Georgia law, or the court order.

35.     Denied.

36.     Admitted.

37.     Denied.

38.     Defendants deny that the affidavit is false. To the extent that this paragraph makes allegations regarding the content of the affidavit, the affidavit speaks for itself.

39.     Denied.

40.     The allegations in this paragraph make reference to the video that Plaintiff submitted with the Complaint, which speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

41.     The allegations in this paragraph make reference to the video that Plaintiff submitted with the Complaint, which speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

42.     The allegations in this paragraph make reference to the video that Plaintiff submitted with the Complaint, which speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

43.     Defendant Adkerson admits that he could not specifically identify the items of contraband but responds further that he had probable cause to believe the

items were contraband. Defendants deny any remaining allegations in this paragraph.

44.    Defendant Adkerson admits that he could not specifically identify the items of contraband but denies that Plaintiff did not pass Mr. Dubose two items of contraband.

45.    The allegations in this paragraph make reference to the video that Plaintiff submitted with the Complaint, which speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

46.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

47.    Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

48.    The allegations in this paragraph make reference to the video that Plaintiff submitted with the Complaint, which speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

49.　Admitted.

50.　Admitted.

51.　Defendant Morales admits that he testified at a hearing and further admits that he generally testified that he made it a practice to make sure that they were enforcing the strip search policy, but he cannot recall the exact date of the hearing, does not have access to a transcript of that hearing, and cannot recall precisely what his testimony was at that hearing. Defendants deny any remaining allegations in this paragraph and in footnote 5.

52.　Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

53.　Defendants Adkerson and Moss deny that a warrant was issued for Plaintiff's arrest based only on the affidavit. Defendant Adkerson and Moss respond further that, as indicated in the warrant, the warrant was issued based on the affidavit and testimony establishing probable cause.

54.　Denied.

55.　Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

56.     Admitted.

57.     Denied.

58.     Defendants Adkerson and Moss admit that they arrested Plaintiff and had her transported to the Butts County Jail. Defendant Adkerson and Moss respond further that deputies from the Butts County Sheriff's Office transported Plaintiff to the jail.

59.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

60.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

61.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

62.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

63.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

64.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

65.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

66.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

67.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

68.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

69.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

70.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

71.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

72.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

73.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

74.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

75.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

76.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

77.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

78.     Defendants are without knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph and so the allegations are denied.

79.     Denied.

## COUNT I
**Against Defendants Anderson and Moss Under 42 U.S.C. § 1983**
**False Statements in Affidavit, Arrest Warrant without Arguable Probable Cause, and Malicious Prosecution**

80.     Denied.

81.     Defendants admit that Plaintiff has attached a copy of the affidavit but deny that the affidavit is false and misleading.

82.     This paragraph sets forth a legal conclusion that does not require a response. To the extent that a response is required, Defendants deny that they violated Plaintiff's constitutional rights.

83.     This paragraph sets forth a legal conclusion that does not require a response. To the extent that a response is required, Defendants deny that they violated Plaintiff's constitutional rights.

84.     Denied.

85.     Denied.

86.     This paragraph sets forth a legal conclusion that does not require a response. To the extent that a response is necessary, Defendant Adkerson and Moss respond that the full affidavit and testimony presented to the judge provided probable cause to arrest Plaintiff.

87.     The allegations in this paragraph make reference to the video that Plaintiff submitted with the Complaint, which speaks for itself. To the extent that the allegations in this paragraph differ from what is shown in the video, they are denied.

88.     Denied.

89.     Denied.

90.     Denied.

91.     Admitted.

92.     Defendant Moss denies that there was any reason for stopping Defendant Adkerson from obtaining the warrant and therefore denies that she was in a position to stop him from obtaining the warrant.

93.     Defendant Moss denies that Defendant Adkerson had obtained Plaintiff's arrest warrant under false pretenses and therefore denies that she was in a position to report that Defendant Adkerson had obtained the warrant under false pretenses.

94.     Denied.

95.     Denied.

96.     Denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.   Denied.

101.   Denied.

102.   Defendants are without knowledge or information sufficient to for a belief about the truth of the allegations in this paragraph that pertain to John and

Jane Doe Defendants, and so the allegations are denied. Defendants deny any remaining allegations in this paragraph.

### COUNT II
**Against Defendants Adkerson, Moss, and Morales Under 42 U.S.C. § 1983**
**Illegal Search**

103.   Denied.

104.   Denied.

105.   Denied.

106.   Denied.

107.   Defendants are without knowledge or information sufficient to for a belief about the truth of the allegations in this paragraph that pertain to John and Jane Doe Defendants, and so the allegations are denied. Defendants deny any remaining allegations in this paragraph.

### Prayer for Relief

Defendants deny that Plaintiff is entitled to any relief.

### GENERAL DENIAL

Any allegations in Plaintiff's Complaint to which Defendants have not otherwise responded are hereby denied.

WHEREFORE, Defendants pray that this Court:

1.   Enter judgment in their favor and against Plaintiff;

2.    Deny Plaintiff all relief;

3.    Grant Defendants a jury trial on all issues so triable; and

4.    Grant Defendants such other and further relief as the Court may

deem appropriate.

Respectfully submitted, this the 19th day of August, 2021.

CHRISTOPHER M. CARR    112505
Attorney General

KATHLEEN M. PACIOUS    558555
Deputy Attorney General

SUSAN E. TEASTER    701415
Senior Asst. Attorney General

Please Serve:

WILLIAM PETERS
Department of Law, State of
Georgia
40 Capitol Square, S.W.
Atlanta, GA 30334-1300
Telephone: (404) 458-4338
Facsimile: (404) 651-5304
wpeters@law.ga.gov

/s/ William Peters
WILLIAM PETERS    515342
Assistant Attorney General

18

## **CERTIFICATE OF SERVICE**

I certify that I electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF system on August 19, 2021, which will automatically send email notification to the following counsel of record:

Max Begnaud

Michael Eshman

/s/ William Peters
WILLIAM PETERS          515342
Assistant Attorney General