IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LILY ENGLEMAN,<br><br>Plaintiff,<br><br>v.<br><br>NATHAN ADKERSON, et al.,<br><br>Defendants. | Civil Action<br>File No. 1-21-cv-1992-MLB |

**MOTION TO CONSOLIDATE CASES**

Plaintiff Lily Engleman, with consent of all Defendants in both actions, moves the Court to consolidate the above-styled matter with Civil Action File Number 1:22-cv-00903-MLB, also pending before this honorable Court. Both cases arise from an identical set of facts and raise substantially identical claims; consolidation is in the best interests of judicial economy.

All Defendants – Defendants Adkerson, Morales, and Moss in this action, and Defendants Nix, Richey, Jordan, Riley, and Adams in Civil Action File Number 1:22-cv-00903-MLB, have consented to this request.

**Argument and Citations to Authority**

Federal Rule of Civil Procedure 42(a) provides, in relevant part:

1

> If actions before the court involve a common question of law or fact, the court may:
>
> (1) join for hearing or trial any or all matters at issue in the actions;
>
> (2) consolidate the actions; or
>
> (3) issue any other orders to avoid unnecessary cost or delay.

The Eleventh Circuit has explained the proper application of Rule 42(a) as follows:

> This rule is a codification of a trial court's inherent managerial power "'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" [cit.] We have encouraged trial judges to "make good use of Rule 42(a) ... in order to expedite the trial and eliminate unnecessary repetition and confusion." [cit.]
>
> A district court's decision under Rule 42(a) is purely discretionary. [cit.] In exercising its discretion, the court must determine:
>
> [W]hether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time required to conclude multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives. [cit.]

Hendrix v. Raybestos-Manhattan, Inc., 776 F.2d 1492, 1495 (11th Cir. 1985).

The factors discussed in Hendrix argue strongly in favor of consolidation here.

First, both cases raise the same claims. In general terms, both cases allege that agents of the Georgia Department of Corrections ("GDC") and the Butts County District Attorney (1) were aware of and/or participated in illegal surveillance of a criminal defendant's meetings with his defense team; and (2) were aware of and/or participated in the securing of a false arrest warrant against Plaintiff, which actively misrepresented that a video recording of the meeting between Plaintiff and her client showed Plaintiff passing the client contraband. (Compare Complaint (Doc. 1) with Complaint, Civil Action File Number 1:22-cv-00903-MLB (Doc. 1).) The two fundamental injuries are the same in both cases – the alleged illegal recording and the alleged illegal arrest and prosecution. The only difference among the Defendants is any particular individual's role or participation in these alleged fundamental injuries.

Second, the Plaintiff is represented by the same attorneys in both cases, and while most Defendants have separate counsel after the Attorney General's Office identified a conflict (doc. 21), the Georgia Department of Administrative Services provides coverage for all Defendants. Third, because the claims are the same and are based on the same facts, the cases will involve the exact same questions of fact and law.

Fourth, the witnesses and custodians of documents will be similar or the same in each case. Instead of relying on the Parties to cooperate to streamline discovery, discovery between the cases can be consolidated. Fifth, consolidating the two cases could save the Court significant time as similar motions and disputes are expected to arise in each case, primarily around questions of immunity.

Finally, it is difficult to envision any specific risk of prejudice or possible confusion to any party. Again, the basic claims and injuries are the same; the question specific to any particular Defendant is – what was that Defendant's role? Prejudice and confusion do not appear to be likely risks in this matter.

For the foregoing reasons, Plaintiff respectfully requests that the Court grant the instant Motion and consolidate the two cases.

This 1st day of July, 2022.

                              **ESHMAN BEGNAUD, LLC**

                              /s/ Mark Begnaud
                              Mark Begnaud
                              Georgia Bar No. 217641
                              mbegnaud@eshmanbegnaud.com
                              Michael J. Eshman
                              Georgia Bar No. 365497
                              meshman@eshmanbegnaud.com

315 W. Ponce De Leon Ave
Suite 775
Decatur, GA 30030
404-491-0170

## Certificate of Service

I hereby certify that I have this day delivered an electronic copy of the foregoing **Motion to Consolidate Cases** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Annarita L. McGovern
Terry L. Long
Satcher & McGovern
amcgovern@satchermcgovernlaw.com
tlong@satchermcgovernlaw.com

Noah Green
Paul Anthony Henefeld
Henefeld & Green, P.C.
ngreen@henefeldgreen.com
pah@aps-law.com

David C. Will
Royal Will
dwill@royallaw.net

This 1st Day of July, 2022

> /s/ Mark Begnaud
> Mark Begnaud
> Georgia Bar No. 217641
> mbegnaud@eshmanbegnaud.com