## infoIN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Lily Engleman,

                Plaintiff,

                            Case No. 1:21-cv-1992-MLB

v.

Nathan Adkerson, et al.,

                Defendants.

_____/

## <u>ORDER</u>

Before the Court are Defendants' Motions for Summary Judgment (Dkts. 50, 53, 55, 57, 59, 61, 63). Plaintiff Lily Engleman filed a Statement of Additional Material Facts, asserting "[o]bjectively, the video does not show any item or items being passed by Ms. Engleman to Dubose or Dubose concealing any item(s) in his socks." (Dkt. 70 ¶ 31.) Having reviewed the video many times, the Court believes that is an accurate statement. Neither Mr. Adkerson nor Mr. Adams, however, properly responded. Mr. Adkerson objected, saying the video did not show what happened under the table. Specifically, he wrote "Since a table blocked the view on the video[,] it does not show what occurred

under the table and therefore, can not [sic] establish whether objects were passed under the table or that there were no objects passed under the table." (Dkt. 72 ¶ 31.) The Court understands the video shows Plaintiff place her hands under the table and lean most of her body (including her head) under the table. It also shows Dubose playing with his socks. And Debose's body and the table prevent the camera from capturing everything. But, saying the video cannot rule out the possibility of things being passed outside the view of the camera is not a response to the simple assertion that the video does not—in fact—show Plaintiff that conduct. Plaintiff's assertion leaves open the possibility she could have passed something (and Dubose could have concealed something) outside the view of the camera as her assertion addresses only what the video captured. That makes Mr. Adkerson's response completely unresponsive. Put simply, she asserted the video does not show something and is entitled to that response, not a dodge focusing on what else could have happened off camera. Mr. Adams responds that he objects "to this statement to the extent it contradicts the referenced document(s)/recording(s), which speak for themselves." (Dkt. 74 ¶ 31.) He further objects "to this statement as improper and

2

argumentative/speculative." (*Id.*)   Mr. Adams thus also sidesteps Plaintiff's factual assertion.  They cannot do that at summary judgment.

The Court **SETS** a hearing for **February 15, 2024, at 2:00 p.m.**, in Courtroom 1906, Richard B. Russell Federal Building, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303.  At the hearing, counsel for Mr. Adkerson and Mr. Adams should be prepared to admit or deny—with reference to the corresponding time stamp in the video—Plaintiff's assertion that the video does not show any item being passed or concealed.  If Mr. Adkerson and Mr. Adams would prefer to file a written response in lieu of a hearing, they must do so by February 13, 2024 at 5:00 p.m.  Any written response should plainly admit or deny Plaintiff's assertion.   A response should say something like "admitted" if either Defendant concedes the video does not show Plaintiff pass contraband or Dubose conceal something or "Denied" if either Defendant believes the video shows that conduct.  If "Denied," Defendants must identify the exact time frame during which they contend the video shows Plaintiff passing and/or Dubose concealing something so the Court can assess the accuracy of that assertion.  Again, Plaintiff made a simple assertion and is entitled to a simple response.

**SO ORDERED** this 6th day of February, 2024.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE